United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE PODESTA,

Plaintiff,

v.

CITY OF SAN LEANDRO, et al.,

Defendants.

_________________________/

No. C 05-2615 SBA

**ORDER**

[Docket No. 9]

This matter comes before the Court on Defendants City of San Leandro, Troy Young, and Ron Clark's ("Defendants") Motion to Dismiss or, alternatively, Motion for a More Definite Statement [Docket No. 9]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' Motion to Dismiss and DENIES AS MOOT Defendants' Motion for a More Definite Statement.

**BACKGROUND**[1]

On or about May 14, 2004, Plaintiff Lawrence Podesta was shopping at a Wal-Mart in San Leandro, California. Compl. at ¶ 7(a). Plaintiff exited the store and walked toward his motorcycle, which was located in the Wal-Mart parking lot. *Id.* While walking toward his motorcycle, Plaintiff was accosted by defendants Troy Young ("Young") and Ron Clark ("Clark"), officers and members of the San Leandro Police Department. *Id.* Young and Clark kicked Plaintiff, beat him, forced him to lie face down on the parking lot pavement, and placed him under arrest. *Id.* Plaintiff was also photographed by Young and Clark. *Id.* at ¶ 7(b). Additionally, Young and/or Clark drafted a police report indicating that Plaintiff had engaged in criminal activity. *Id.* at ¶ 7(c). After one hour, Plaintiff was released but was provided no explanation for his arrest. *Id.* at ¶ 7(b).

[1]The following facts are taken from Plaintiff's First Amended Complaint (referred to herein as the "Complaint" or "Compl.").

On November 15, 2004, Plaintiff filed a claim with the City of San Leandro. *Id.* at ¶ 7. The claim was subsequently rejected. *Id.*

On June 19, 2005, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California, Alameda County. The First Amended Complaint asserts the following causes of action: (1) violation of Plaintiff's Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, brought under 42 U.S.C. §§ 1983 and 1986; (2) assault and battery; (3) "custom, usage and policy" violations of 42 U.S.C. § 1983[2]; (4) negligence; (5) defamation/invasion of privacy; (6) supervisory liability under 42 U.S.C. §§ 1983 and 1986; and (7) "property damage."

On June 27, 2005, Defendants filed a Notice of Removal, thereby removing the action to federal court.

On July 8, 2005, Defendants filed the instant Motion to Dismiss or, in the alternative, Motion for a More Definite Statement.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if it appears beyond a reasonable doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law

[2] The Constitutional rights asserted in third cause of action include the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.

and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Federal Rule of Civil Procedure 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff need only "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Id.*; *see also Rapp v. Contra Costa County*, 1999 WL 78362, * 2 (N.D.Cal.) ("Rule 12(e) is designed to correct only unintelligibility in a pleading not merely a claimed lack of detail").

**ANALYSIS**

**A. Defendants' Motion to Dismiss**

**1. Plaintiff's 42 U.S.C. § 1986 Claim**

In their Motion to Dismiss, Defendants first move to dismiss Plaintiff's 42 U.S.C. § 1986 claim on the grounds that Plaintiff has not sufficiently alleged the existence of a conspiracy.[3] Section 1986 provides in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

42 U.S.C. § 1986. Section 1985 establishes liability for any person who, with at least one other person, "conspire[s] . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws." 42 U.S.C. § 1985.

To establish a violation of 42 U.S.C. § 1985, the plaintiff must show that the defendants were "motivated by a 'class-based, invidiously discriminatory animus.'" *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff's Complaint is utterly devoid of any facts sufficient to make this showing. Further, Plaintiff has completely failed to plead any facts establishing that any of the named defendants were part of a conspiracy or that, if such a conspiracy existed, the defendants had knowledge of it. Accordingly, Plaintiff's section 1986 claim, which is alleged in both his first and sixth causes of action, is hereby DISMISSED WITH LEAVE TO AMEND.

**2. Plaintiff's 42 U.S.C. § 1983 Claim**

---

[3] Plaintiff's section 1986 claim appears to be brought against all of the defendants and is asserted in Plaintiff's first and sixth causes of action.

Defendants also move to dismiss portions of Plaintiff's section 1983 claim.[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Here, Plaintiff asserts that his 42 U.S.C. § 1983 claim is premised on alleged violations of his First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. Defendants, on the other hand, argue that Plaintiff's section 1983 claim is only cognizable under the Fourth Amendment, and that Plaintiff has not stated a claim under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments.

In *Graham v. Connor*, 490 U.S. 386, 394 (1989), the United States Supreme Court emphasized that 42 U.S.C. § 1983 "is not a source of substantive rights." *Id.* Rather, section 1983 "merely provides a method for vindicating federal rights elsewhere conferred." *Id.* Accordingly, an analysis of a claim brought under section1983 must first begin by identifying the specific constitutional right that has been allegedly violated. *Id.* Only after identifying the specific constitutional right allegedly infringed can the Court assess the validity of the claim by analyzing it in reference to the respective constitutional standard. *Id.*

In *Tennessee v. Garner*, 471 U.S. 1, 5 (1985), the Supreme Court addressed an "unreasonable search and seizure" claim that, like Plaintiff's claim in this case, alleged both Fourth and Fourteenth Amendment violations. *Id.* The Court "analyzed the constitutionality of the challenged application of force solely by reference to the Fourth Amendment's prohibition against unreasonable seizures of the person . . . ." *Id.* Similarly, in *Graham*, the United States Supreme Court determined that when a claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394. The Court further held that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach." *Id.* at 395. This holding was based on the recognition that "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct." *Id.*; *see also*

[4]Plaintiff's section 1983 claim is asserted in both his first and third causes of action.

*Albright v. Oliver*, 510 U.S. 266, 273 (1994).

Here, to the extent that Plaintiff has stated a claim under section 1983, the gravamen of his Complaint is that he was subjected to an unreasonable search and seizure and possibly excessive force. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the[] claims.'" *Albright*, 510 U.S. at 273 . Accordingly, since the Fourth Amendment is the specific constitutional protection against unreasonable searches and seizures, Plaintiff's claim is properly asserted under the Fourth Amendment. U.S. Const. Amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994).

While Plaintiff argues in his opposition that he is also asserting a violation of the due process clause of the Fourteenth Amendment, he fails to explain how any of the facts alleged in the Complaint support a due process clause claim. In fact, the sole authority that Plaintiff cites in his opposition, *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995), is completely inapposite. *Pink* is a Fourth Circuit case that addresses the question of whether a prisoner may state a claim under 42 U.S.C. § 1983 against a prison official when that prison official has negligently interfered with the prisoner's access to the courts. *See id.* at 74. *Pink* does not stand for the proposition that an incident arising out of an unreasonable search and seizure conducted by a police officer should be brought under the Fourteenth, rather than the Fourth, Amendment.

For the same reasons, Plaintiff's Fifth and Ninth Amendment claims are also defective. The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S Const. Amend. V. The Ninth Amendment states in its entirety that: "The enumeration in the

United States District Court
For the Northern District of California

Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. Again, since the only cognizable legal theory asserted in Plaintiff's Complaint is an unreasonable search and seizure claim, Plaintiff's section 1983 claim must be analyzed under the Fourth Amendment, not the Fifth or Ninth Amendments. *See Graham*, 490 U.S. at 395. Plaintiff's citation to *White v. Roper*, 901 F.2d 1501 (9th Cir. 1990) does not compel a different conclusion. In fact, the *White* opinion does not even discuss the Fifth Amendment.[5] *Id.* With respect to the Ninth Amendment, Plaintiff does not identify a single case that supports his position that the Ninth Amendment is applicable here. In fact, the one case that Plaintiff does cite, *Griswold v. State of Connecticut*, 381 U.S. 479 (1965), makes clear that the right to be free from unreasonable searches and seizures is grounded in the *Fourth* Amendment. *See id.* at 485.

Since there are no facts in the Complaint that support an alleged violation of either the due process clause or the equal protection clause of the Fourteenth Amendment, or any violations of the Fifth or Ninth Amendment, Defendants' motion to dismiss the portions of Plaintiff's first and third causes of action that refer to the Fifth, Ninth, and Fourteenth Amendments is GRANTED. Further, to the extent that Plaintiff's Fifth, Ninth, and Fourteenth Amendment violation claims are grounded solely on his unlawful detention, they are hereby DISMISSED WITH PREJUDICE.

Additionally, Plaintiff's claims under the First and Eighth Amendments are patently frivolous and therefore must be dismissed. As Defendants correctly point out in their Motion to Dismiss, there are no facts in Plaintiff's Complaint that establish that any of his First Amendment rights were violated by Defendants. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. I. In Plaintiff's opposition, he admits that his entire First Amendment claim is premised on his belief that officers Young and Clark violated his First Amendment rights by preventing him from

---

[5]Further, although the *White* court does discuss due process rights guaranteed by the Fourteenth Amendment, its discussion is limited to a *prisoner's* claim for deliberate indifference to personal safety. *Id.* at 1504.

generally "looking all around" the Wal-Mart parking lot. However, the authority upon which Plaintiff's relies, *Alliance to End Repression v. City of Chicago*, 561 F. Supp. 537 (N.D. Ill. 1982), does not support his misguided belief that the allegation that he was "looking all around" is sufficient to state a cognizable First Amendment claim. In fact, the *Alliance to End Repression* opinion merely concerns the United States District Court of the Northern District of Illinois' approval of a class action settlement agreement. *Id.* at 539. Moreover, the underlying allegations set forth in the *Alliance to End Repression* complaint are not analogous to the instant case. For example, in *Alliance to End Repression*, the plaintiff specifically alleged that they were subjected to "infiltration, physical or verbal coercion, photographic, electronic, [and] physical surveillance" as a direct result of their participation in lawful "political, religious, educational, [and] social activities." *Id.* at 541. Plaintiff has made no such showing here.

Plaintiff's Eighth Amendment claim is also groundless. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. It is beyond dispute that the Eighth Amendment protects *prisoners* from cruel and unusual punishment and applies only after "conviction and sentence." *Graham*, 490 U.S. at 393 n. 6. Although Plaintiff attempts to argue that his detention was tantamount to an "imprisonment," Plaintiff does not cite any case law in support of this assertion and his argument is wholly without merit.

Accordingly, Plaintiff's Fifth and Eighth Amendment claims are DISMISSED.[6]

**3. Plaintiff's Defamation Claim**

Defendants also contend that Plaintiff's claim for defamation and invasion of privacy, asserted in his fifth cause of action, should be dismissed with prejudice because the alleged communication is privileged under California Civil Code § 47.

---

[6]Plaintiff's Eight Amendment claim is DISMISSED WITH PREJUDICE. However, because the events leading up to the alleged unlawful detention are not fully alleged in the Complaint, it is not clear whether Plaintiff could possibly amend his Complaint to state a claim under the First Amendment. Therefore, this claim is DISMISSED WITHOUT PREJUDICE. The Court explicitly warns Plaintiff, however, that he may only include this claim in his amended complaint if he is able to allege – in *good faith* – facts sufficient to show that a cognizable First Amendment right was violated.

Pursuant to California Civil Code § 47, a privileged publication or broadcast is one made: "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . . [or] (c) [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested . . . . " Cal. Civil Code. § 47(b)–(c). In the instant case, Defendants argue that the allegedly defamatory communication falls within the first part of Civil Code § 47 because it was a police report that was prepared as part of an "official proceeding authorized by law." In support of this, Defendants cite to *Johnson v. Symantec Corp*, 58 F. Supp. 2d 1007, 1109 (N.D. Cal. 1999). In *Johnson*, after noting that the California Supreme Court had yet to decide the issue, the district court thoroughly examined the relevant California Court of Appeals decisions and held that communications made in connection with police reports are entitled to absolute immunity. *Id.* at 1113. Since *Johnson* was decided, the California Supreme Court has expressly held that such communications are entitled to an absolute, rather than a qualified privilege. *See Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 355 (2004).

While Plaintiff concedes in his opposition that the allegedly defamatory communication described in the Complaint is a police report, and further concedes that police reports may be privileged, he nevertheless argues that he has stated a viable claim because a "qualified or conditional privilege" only applies if the police officers "disclose information to proper recipients without malice." *See* Opp. at 10. Not only is Plaintiff's argument contrary to the California Supreme Court's holding in *Hagberg*, but his argument also overlooks the fact that his fifth cause of action does not state that the police reports were published with malice to "improper recipients." Indeed, the Complaint fails to identify the recipients of the report and fails to explain, in any way, how the report was false.

In sum, Plaintiff has not stated – and cannot state – a claim for defamation or "invasion of privacy" because the allegedly defamatory communication, a police report, is entitled to an absolute privilege under California Civil Code § 47. Plaintiff's fifth cause of action is therefore DISMISSED WITH PREJUDICE.

**4. Plaintiff's Claims for Assault and Battery, Negligence, and Property Damage**

Defendants also move to dismiss Plaintiff's state law causes of action for assault and battery,

negligence, and property damage on the grounds that Plaintiff has failed to plead his claims with the requisite specificity under the California Tort Claims Act.

California Government Code § 815, which is part of the California Tort Claims Act, provides: "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). It further provides that "[t]he liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person." Cal. Gov't Code § 815(b). Under California Government Code § 815.2:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
> (b) Except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov't Code § 815.2.

The intent of the California Tort Claims Act is "not to expand the rights of the plaintiffs in suits against the government entities, but to confine potential government liability to rigidly delineated circumstances[.]" *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal.App.3d 882, 886 (1969) (internal citations omitted). "Since all California governmental tort liability flows from the California Tort Claims Act . . . [a] plaintiff must plead facts sufficient to show his cause of action lies outside of the breadth of any applicable statutory immunity." *Id.* at 885-86. Further, the plaintiff must plead with *particularity* "every fact essential to the existence of statutory liability." *Id.* at 886. Immunity is waived only if the various requirements of the Act are satisfied. *Id.*

Here, Defendants argue that there are two schemes of statutory immunity that Plaintiff has not clearly shown are inapplicable. First, under California Government Code § 802.2, "a public employee is not liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

United States District Court
For the Northern District of California

Cal. Gov't Code § 820.2. Second, under California Government Code § 820.4, "[a] public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law." Cal. Gov't Code 820.4.[7]

Having reviewed the instant Complaint, the Court agrees with Defendants, and finds that the lack of specificity in the Complaint falls short of the required pleading standard under the California Tort Claims Act. For example, under Plaintiff's causes of action for assault and battery and for negligence, it is not clear whether Plaintiff is alleging that officers Young and Clark were acting within or outside of the scope of their employment, whether Young and Clark's acts were the result of the exercise of discretion vested in them, or whether Plaintiff is asserting that Young and Clark used excessive or unreasonable force while placing Plaintiff under arrest. Further, to the extent that Plaintiff is contending that Young and Clark were not acting within the scope of their employment, it is not clear how this is consistent with Plaintiff's allegation that the City of San Leandro promulgated policies "encouraging, tolerating, permitting and ratifying a pattern of abuse, mistreatment and concealment of abuse and mistreatment."[8] *See* Compl. at ¶ 5. Accordingly, as currently plead, Plaintiff's second cause of action for assault and battery and his fourth cause of action for negligence do not comply with the California Tort Claims Act.

Plaintiff's sixth cause of action, for "property damage," suffers from the same defect. Indeed, Plaintiff's sixth cause of action does not clearly state a cognizable legal claim at all, and consists of

---

[7]Notwithstanding the provision for immunity, California Government Code § 820.4 also provides that a public employee is not exonerated from liability for false arrest or false imprisonment. Cal. Gov't Code § 820.4. Here, however, Plaintiff has not asserted a claim for false arrest or false imprisonment.

[8]Moreover, while Plaintiff vaguely alleges in the second, third, fourth, and sixth causes of action that the City of San Leandro engaged in numerous acts, such as the failure "to discipline or prosecute . . . known incidents of wrongful conduct by peace officers" or the refusal to "investigate complaints of previous incidents of wrongful conduct by peace officers," Plaintiff does not actually set forth any *facts* in the Complaint sufficient to establish the basis for his allegations against the City. While the Court must construe the Complaint in the light most favorable to Plaintiff, and accept all properly pleaded factual allegations as true, the Court need not accept as true conclusory allegations cast in the form of factual allegations. *See Western Mining Council*, 643 F.2d at 624. Accordingly, if Plaintiff chooses to amend his Complaint, he must set forth in the amended complaint all relevant *facts* known to him that pertain to the City of San Leandro and support all of the causes of action alleged against the City.

a single allegation that: "Defendants, and each of them, damaged plaintiff's motorcycle in an amount that is not known to plaintiff and plaintiff prays leave to amend this Complaint when such amount if [*sic*] finally ascertained." Compl. at ¶ 43. Significantly, even if the entirely vague tort claim of "property damage" was a cognizable cause of action, Plaintiff's Complaint does not state any facts pertaining to his motorcycle or how it was damaged by Defendants.

Accordingly, for the reasons set forth herein, Plaintiff's state law causes of action for assault and battery, negligence, and property damage are DISMISSED WITHOUT PREJUDICE. Plaintiff is hereby granted leave to amend his Complaint so that it complies with the pleading requirements of the California Tort Claims Act.

**5. Plaintiff's Request for Punitive Damages Against the City of San Leandro**

Last, Defendants request that the Court strike the portion of Plaintiff's prayer for relief requesting punitive damages from the City of San Leandro. As Defendants note, and as Plaintiff concedes, California Government Code § 818 prohibits the recovery of punitive damages from a public entity. *See* Cal. Gov't Code § 818. The Supreme Court has also held that, with respect to federal claims brought under 42 U.S.C. § 1983, municipalities are immune from punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, to the extent that Plaintiff is attempting to request punitive damages from the City of San Leandro, Defendants' Motion to Dismiss is GRANTED. Plaintiff is hereby granted leave to amend his prayer for relief, but may not include in his amended complaint a request for punitive damages that is directed at the City of San Leandro.

**B. Defendants' Motion for a More Definite Statement**

Because the Court is granting Defendants' Motion to Dismiss, Defendants' alternative Motion for a More Definite Statement is hereby DENIED AS MOOT.

**CONCLUSION**

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is GRANTED and Defendants' alternative Motion for a More Definite Statement is DENIED AS MOOT [Docket No.

United States District Court
For the Northern District of California

9]. Plaintiff's defamation claim is hereby DISMISSED WITH PREJUDICE. The alleged First, Fifth, Eighth, Ninth, and Fourteenth Amendment violations, to the extent they are premised solely on the facts supporting Plaintiff's Fourth Amendment search and seizure claim, are also DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT Plaintiff is granted leave to file an amended complaint that addresses the deficiencies identified in this Order no later than thirty (30) days of the date of this Order. If Plaintiff elects to file an amended complaint, he must clearly allege, in good faith, additional facts – not merely conclusions of law – that demonstrate that he is entitled to relief under each of his causes of action. Plaintiff may not, for example, allege in summary fashion that his constitutional rights were violated by officers Young and Clark; rather, he must allege facts showing that such violations occurred, and also the facts underlying the nature of the alleged violations. Further, if Plaintiff's amended complaint includes claims against the City of San Leandro under either 42 U.S.C. § 1983 or 42 U.S.C. § 1986, he must set forth facts supporting each element of each theory of liability. Finally, if Plaintiff's amended complaint includes state law tort claims against any of the defendants, Plaintiff must comply with the requirements of the California Tort Claims Act. Plaintiff is expressly warned that failure to amend the Complaint in compliance with this Order shall be construed by the Court as evidence that further leave to amend would be futile.

IT IS SO ORDERED.

Dated: 9-19-05

SAUNDRA BROWN ARMSTRONG
United States District Judge